IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-06002-01-CR-SJ-GAF |
| | ) | |
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION OF THE UNITED STATES TO EXCLUDE THE
TESTIMONY OF DEFENSE EXPERT DR. RUBEN GUR FOR
FAILURE TO COMPLY WITH THE COURT'S DISCOVERY ORDER

Comes now the United States of America, by and through John F. Wood, United States Attorney, and Matt J. Whitworth, Roseann Ketchmark and Cynthia L. Cordes, Assistant United States Attorneys, and respectfully request the Court to enter an order excluding the testimony of defense expert Dr. Ruben Gur for failure to comply with the Court's discovery order of September 5, 2007.

A.   Background

1.  Defense expert Dr. Ruben Gur has been retained by Montgomery to testify concerning brain imaging tests he conducted on Montgomery. The United States has challenged the scientific reliability of the testimony of Dr. Gur. On August 28 and September 4, 2007, the Court heard evidence from government expert witnesses Dr. Alan Evans and Dr. Helen Mayberg. Both government experts vigorously challenged the scientific reliability of Dr. Gur's findings and conclusions. In addition, on September 4, the Court also heard testimony from Dr. Gur concerning the basis of his findings and conclusions. The United States challenged Dr. Gur's testimony pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrill Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The United States has asserted Dr. Gur's conclusions are not scientifically reliable and have not been subjected to adequate peer review and publication. In addition, the United States has asserted that his techniques are not generally accepted in the scientific community.

      2. On September 5, 2007, the Court held a Status Conference in which it advised the parties that it was the Court's current intention to exclude Dr. Gur's findings and conclusions in part with regard to his MRI testing and much of Dr. Gur's findings with respect to PET testing. The Court stated that it would permit Dr. Gur to testify regarding a portion of his PET scan findings because Dr. Gur testified that two standard deviations in the Somoto motor region of the brain may be consistent with a finding of pseudocyesis. The Court also correctly noted the United States has been unable to challenge Dr. Gur's findings in this respect because he had not yet produced the raw data supporting his claims.[1] At the hearing on September 5, the Court specifically ordered Dr. Gur to produce the raw data to the government's experts no later than Wednesday, September 12, 2007. The deadline has passed. Dr. Gur still has not produced the requested raw data. Counsel for the United States has consulted with Dr. Evans and Dr. Mayberg and both have unequivocally stated that the specific information they requested from Dr. Gur should be easily produced. In fact, the experts have stated that Dr. Gur should have required the specific data they requested to formulate his report at all. They also do not believe there is any valid reason why Dr. Gur should not have been able to produce the requested

---

[1] Even if the raw data is produced, the issue remains of whether there is support for Dr. Gur's finding that damage to this area of the brain supports or is relevant to a pseudocyesis claim. This issue has never been studied by scientists. The United States may need to ask the Court for further clarification of this issue.

materials as early as several weeks ago. Indeed, the United States began requesting the underlying data for Dr. Gur's findings as early as June 27, 2007. Attached as Exhibit 1 is a copy of a letter sent to defense counsel specifically requesting the underlying data supportive of Dr. Gur's report. In addition, Dr. Gur has exchanged e-mails with both Dr. Evans and Dr. Mayberg concerning the specific information they have requested that he produce. These e-mail exchanges occurred several weeks ago. The United States can only speculate as to why Dr. Gur has not produced the requested materials. Nevertheless, this Court ordered the production of the raw data by September 12 and Dr. Gur has not produced the discovery.[2]

B.   Legal Authority

3. Federal Rule of Criminal Procedure 16(b)(1)(B) and (C) requires defendant to produce the requested materials upon which its expert witness is basing his opinion. In addition, Rule 16(d)(2) states as follows:

**Failure to Comply.** If a party fails to comply with this rule, the court may:

. . .

   (C) Prohibit that party from introducing the undisclosed evidence;

. . .

The district court may sanction a defendant for failure to comply with a discovery request. In *Taylor v. Illinois*, 484 U.S. 400, 406 (1988), the Supreme Court considered whether the trial court's exclusion of a defense witness's testimony because of the defendant's failure to comply with discovery rules violated the defendant's right to compulsory process. The court

---

[2] Mr. Duchardt, counsel for Ms. Montgomery, sent an e-mail to Ms. Diefenbach, Courtroom Deputy, on September 13, indicating he believed Dr. Gur could produce a portion of the raw data this week. There was no indication provided of when the remainder of the data would be produced.

ruled that although the exclusion implicated the Sixth Amendment, the defendant did not have an unqualified right to present testimony that violated the trial court's rules of evidence and procedure. *Id*. at 410-16.

C. Conclusion

4. The United States has raised serious scientific questions concerning the validity of Dr. Gur's methods and his proposed testimony. The one area which the United States has been unable to address, as the Court noted in its status conference on September 5, involves Dr. Gur's conclusions regarding the PET findings. In order for government experts to adequately evaluate the validity of Dr. Gur's findings, the raw data from the group of normals Dr. Gur used to compare Montgomery's brain against must be produced. This Court made it very clear that the raw data was to have been produced on September 12 in order for government experts to have adequate time to conduct the necessary testing. The deadline has now passed. Consequently, the United States has been prejudiced and respectfully requests the Court to enter an order excluding Dr. Gur's testimony at trial in its entirety.

Respectfully submitted,

John F. Wood
United States Attorney

By  */s/ Matt J. Whitworth*

Matt J. Whitworth #33322
First Assistant United States Attorney

Roseann Ketchmark #40697
Assistant United States Attorney

-4-

Cynthia L. Cordes #6283752
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the foregoing was delivered on September 13, 2007, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                  */s/ Matt J. Whitworth*
                                  Matt J. Whitworth
                                  First Assistant United States Attorney