IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case # 05-6002-01-CR-SJ-GAF |
| | ) | |
| | ) | |
| LISA M. MONTGOMERY | ) | |
|     Defendant | ) | |

### *LISA M. MONTGOMERY'S SUGGESTIONS IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL POINT SEVEN REGARDING PENALTY PHASE INSTRUCTIONS*

Comes now Lisa M. Montgomery, by attorney, and does hereby offer suggestions in support of Point Seven of her Motion for Judgment of Acquittal or for New Trial, said point pertaining to instructions given to the jury during the penalty phase of trial.

### *Summary of the Argument*

In this case, this Court rejected Mrs. Montgomery's request that the jury be instructed that it was never required to sentence to death (Doc. 336). Instead, and over Mrs. Montgomery's objections, this Court instructed the jury, in its introductory and final charge, in mandatory language, that if the jury determined that aggravating factors outweighed mitigating factors, the jury "must record your determination that a sentence of death shall be imposed" (Doc. 356, pp. 3 and 24,

1

Penalty Phase Instructions 1 and 11).

In so rejecting the instructions proffered by Mrs. Montgomery, and instructing the jury as it did, this Court followed the Eighth Circuit precedent on the subject. *United States v. Allen*, 247 F.3d 741, 779-782 (8th Cir. 2001), *vacated on other grounds* 536 U.S. 953 (2002); *United States v. Ortiz*, 315 F.3d 873, 900-901 (8th Cir. 2002); *United States v. Nelson*, 347 F.3d 701, 712 (8th Cir. 2003); *United States v. Purkey*, 428 F.3d 738, 762-763 (8th Cir. 2005). Mrs. Montgomery has raised this issue to challenge the validity of those decisions

The question raised by Mrs. Montgomery is not over whether Congress, had it chosen to do so, could have constructed a statute which could have constitutionally mandated a death sentence if aggravators outweighed mitigators. In fact, in 1990, the United States Supreme Court, in two 5-4 decisions, determined that, though other jurisdictions had reasonably and lawfully chosen to afford juries the option of rejecting a death penalty for any reason, despite the result of weighing aggravating versus mitigating evidence, the jurisdictions involved in the two cases, Pennsylvania and California, had lawfully chosen to make death mandatory if aggravators outweighed mitigators, and thus could instruct the jury to that effect. *Blystone v. Pennsylvania*, 494 U.S. 299, 307 (1990); *Boyde v. California*, 494 U.S. 370, 377 (1990).

Instead, the point raised by Mrs. Montgomery is that the statutory scheme of

the Federal Death Penalty Act is not such a mandatory scheme, but rather allows for the jury to return a sentence of life even if it finds that aggravating factors outweigh mitigating factors. The Eighth Circuit has repeatedly decided the issue in the way it has by each time relying upon *Blystone* and *Boyde*, and an interpretation of the FDPA likening it to the Pennsylvania and California statutes. *United States v. Allen*, supra; *United States v. Ortiz*, supra; *United States v. Nelson*, supra; *United States v. Purkey*, supra.

Mrs. Montgomery respectfully persists in challenging this method of charging the jury in this case because it is violative of the law and out of step with the charging practices of the vast majority of Federal Courts.

### *The language of the FDPA is not mandatory language, and thus does not permit the sort of mandatory charge given by the Court in this case*

Examination of the language of the FDPA demonstrates that this is not the sort of mandatory death statute as the Pennsylvania and California statutes, rendering the instructions used by this Court inappropriate.

The Pennsylvania statute has clear mandatory language.

> the verdict must be a sentence of death if the jury unanimously finds at least one aggravating circumstance specified in subsection (d) and no mitigating circumstance or if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstances. The verdict must be a sentence of life imprisonment in all other cases. 42 Pa.C.S.A 9711(c)(iv)

The California statute also has such mandatory language.

> After having heard and received all of the evidence, and after having heard and considered the arguments of counsel, the trier of fact shall consider, take into account and be guided by the aggravating and mitigating circumstances referred to in this section, and shall impose a sentence of death if the trier of fact concludes that the aggravating circumstances outweigh the mitigating circumstances. If the trier of fact determines that the mitigating circumstances outweigh the aggravating circumstances the trier of fact shall impose a sentence of confinement in state prison for a term of life without the possibility of parole. West's Ann. Cal. Penal Code Section 190.3

Had Congress wished to establish a mandatory statute, it certainly could have copied such language. It did not do so, and instead employing different language in two separate sections. The first language is as follows.

> A defendant...shall be sentenced to death if, after consideration of the factors set forth in section 3592 in the course of a hearing held pursuant to section 3593, it is determined that imposition of a sentence of death is justified, except that no person may be sentenced to death who was less than 18 years of age at the time of the offense. 18 U.S.C.A. 3591(a)

The second language is as follows.

> ...the jury...shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death. Based upon this consideration, the jury by unanimous vote...shall recommend whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence. 18 U.S.C. 3593(e)

When these two parts are read together, it is plain that Congress intended that the jury retain its discretion to impose a sentence other than death even if its weighing of aggravators versus mitigators favored death. ***United States v. Haynes***, 265

4

F.Supp.2d 914, 916-917 (W.D.Tenn. 2003).

### *Legislative history demonstrates that Congress rejected mandatory language*

The inferences drawn above by Mrs. Montgomery, that the language chosen by Congress expressed a rejection of Pennsylvania-California-type mandatory death penalty scheme, finds strong support in the legislative history of the FDPA. *United States v. Haynes*, 918-920. Mandatory language in precisely the same form as the Pennsylvania statute was introduced in, but rejected by, both the House and the Senate. Senators Hatch and Dole proposed a version, precisely along the Pennsylvania/California lines, which eliminated juror discretion after the finding of aggravating and mitigating factors. That language was: "the jury, or if there is no jury, the court *shall* recommend a sentence of death if it unanimously finds at least one aggravating factor and no mitigating factor or if it finds one or more aggravating factors which outweigh any mitigating factors." 139 Cong. Rec. S 293 (Jan. 21, 1993); *United States v. Haynes*, 918-919. This Hatch/Dole version did not include language concerning a second process in which the jury would decide whether the imbalance in favor of the death penalty was sufficient to justify the death penalty. *United States v. Haynes*, supra.

Congress rejected this clearly mandatory scheme in favor of the current FDPA language under § 3593(e), requiring a separate determination of whether there was justification for the death penalty even after the weighing of aggravating

5

and mitigating factors. 139 Cong. Rec. S 12396 (daily ed., Sept. 23, 1993); 139 Cong.Rec. S15286; 140 Cong.Rec. H2333; House Report 103-964; *United States v. Haynes*, supra. What this history demonstrates is that both branches of Congress expressly considered, and ultimately rejected, the sort of mandatory, Pennsylvania/California-type, statutory language which would be required to uphold the sort of instructions used in the Eighth Circuit. *United States v. Haynes*, supra.

### *The vast majority of Federal Courts outside the Eighth Circuit instruct juries in FDPA cases that they never have to return a death sentence*

The vast majority of the Federal Courts outside of the Eighth Circuit have rejected a mandatory death penalty interpretation of the FDPA of the sort the Eighth Circuit has made in favor of an interpretation which permits the jury to return a life sentence for any reason.

While not addressing directly the Eighth Circuit statutory interpretation, the Supreme Court itself and the Eleventh Circuit have both endorsed instructions, used in FDPA cases, crafted in precisely the fashion recommended by Mrs. Montgomery, in which the jury was advised that it was never required to return a sentence of death. *Jones v. United States*, 527 U.S. 373, 385 (1999); *United States v. Brown*, 441 F.3d 1330, 1355-1356 (11th Cir. 2006). Three other District Court have published their findings, contrary to the position of the Eighth Circuit,

6

that a Federal Capital case jury in an FDPA case is to be instructed that it is never required to sentence to death.  *United States* **v.** *Haynes*, 265 F. Supp. 2d 914, 915 (W.D. Tn. 2003) (holding that "the FDPA contemplates" that jurors retain "flexibility to choose whether to impose the death penalty even after finding that the aggravating factors(s) outweigh any mitigating factors(s)"); *United States v. O'Driscoll*, 2002 U.S. Dist. LEXIS 25862, *3-4 (M.D.Pa. 2002); *United States* **v.** *McVeigh*, 1997 WL 312609, *43 (D. Colo. June 12, 1997).

Undersigned counsel has also obtained the instructions given in twenty-six other FDPA Federal capital cases tried in nineteen additional Districts, outside of the Eighth Circuit, and throughout the United States, since the Eighth Circuit handed down its opinion in *United States v. Allen* in 2001.  In each of those cases, the jury was instructed that it was never required to sentence to death. Undersigned counsel has also provided to this Court the instructions given in those cases for sake of the record, so that there can be ready reference to those by this Court and any reviewing Courts.[1]  The District Courts who have instructed juries that they are never required to sentence to death are as follows:

- the Western District of Virginia in 2001 in *United States v. Johnson*, W.D.Va. Case # 3:00-CR-26 (see Appendix A, p. 7); and then again in 2005

---

[1] Per instructions from the District Court Clerk's Office, the Appendicies are being separately filed with the Court due to problems encountered in attempting to file the items through the ecf method.

7

in *United States v. Simmons*, W.D.Va. Case # 5:04CR30014 (see Appendix B, p. 16);

- the Northern District of Texas in 2002 in *United States v. Britt*, N.D.Tx. Case # 4:00-CR-260-Y (see Appendix C, pp 11-12);

- the Southern District of Florida in 2003 in *United States v. Denis*, S.D.Fl. Case # 99-714 (see Appendix D, p. 3, 28); and then again in 2007 in *United States v. Wilk*, S.D.Fl. Case # 04-60216 (see Appendix E, pp. 6, 26);

- the Northern District of Georgia in 2004 in *United States v. LeCroy*, N.D.Ga. Case # 2:02-38 (see Appendix F, p. 7-designated p. 2733 on document);

- the District of South Carolina in 2004 in *United States v. Fulks*, D.S.C. Case # 02-992 (see Appendix G, p. 3, 250, 281);

- the Western District of Texas in 2004 in *United States v. Fields*, W.D.Tx. Case # W-01-CR-164(1) (see Appendix H, p. 16);

- the District of Kansas in 2005 in *United States v. Hargrove*, D.Kan. Case # 03-20192-CM (Appendix I, p. 3, 18);

- the District of Puerto Rico in 2005 in the two trials *United States v. Catalan-Roman and Medina-Villegas*, D.P.R. Case # 3:02-CR-117 (see Appendix J, p. 60 and Appendix K, p. 28); and then again in 2006 in *United*

States v. Ayala-Lopez, D.P.R. Case # 03-55 (see Appendix L, p. 5-6, 35-36);

- the District of Vermont in 2005 in *United States v. Fell*, D.Vt. Case # 2:03-CR-12 (see Appendix M, p. 24);

- the Southern District of Ohio in 2005 in *United States v. Mayhew*, S.D.Oh. Case # 2:03-165 (see Appendix N, pp. 22, 26);

- the Northern District of Illinois in 2005 in *United States v. Mikos*, N.D.Il. Case # 02CR-137 (see Appendix O, pp. 23-24);

- the Eastern District of Oklahoma in 2005 in *United States v. Barrett*, E.D.Ok. Case # 04CR115 (see Appendix P, instruction 20);

- the Eastern District of Virginia in 2006 in *United States , v. Lentz*, E.D.Va. 1:01-CR-150 (see Appendix Q, p. 8);

- the Eastern District of Pennsylvania in 2006 in *United States v. Williams*, E.D.Pa. Case # 01-512 (see Appendix R, p. 106);

- the Eastern District of New York in 2006 in *United States v. Aguilar*, E.D.N.Y. Case # 01-1367 (see Appendix S, p. 2, 21); and then again in 2007 in *United States v. Wilson*, E.D.N.Y Case # 04-1016 (see Appendix T, pp. 17-18); and *United States v. McGriff*, E.D.N.Y. Case # 04-966 (see Appendix U, p. 2494);

- the Central District of California in 2007 in *United States v. Krylov*, C.D.Ca.

9

Case # 02-220 (see Appendix V, p. 4, 41, 42); and in *United States v. Bridgewater*, C.D.Ca. Case # 02-938 (see Appendix W, p. 47);

- the Southern District of West Virginia in 2007 in *United States v. Friend*, S.D.W.V. Case # 2:05-107 (see Appendix X, pp. 47, 49);

- the Northern District of Ohio in 2007 in *United States v. Moonda*, N.D.Oh. Case # 3:06-395 (tried 2007) (see Appendix Y, pp. 3, 13);

- the District of New Jersey in 2007 in *United States v. Baskerville*, D.N.J. Case # 3:03-836 (tried 2007) (see Appendix Z-1, pp. 6232, 6239 and Appendix Z-2, pp. 6719, 6727).

On the other side, undersigned counsel could find only three Districts, outside of the Eighth Circuit, who have followed directly the language promulgated by the Eighth Circuit in giving mandatory death penalty language to juries. See *United States v. Corley*, N.D.In. Case # 02-CR-116; *United States v. Jackson*, E.D.Tx. Case # 1:06-51; *United States v. Williams*, S.D.Tx. Case # 4:03-221.

Therefore, the overwhelming majority of District Courts outside of the Eighth Circuit have rejected the Eighth Circuit interpretation of the FDPA in favor of specifically telling juries that they are never required to sentence to death.

### *Conclusion*

WHEREFORE, in light of the foregoing, and in light of the positions taken

by Mrs. Montgomery in her earlier motions on the subject (Doc. 336, 360), Mrs. Montgomery prays that this Honorable Court, despite the Eighth Circuit precedent upon the subject, grant her a new penalty phase proceeding in which proper instruction to the jury, along the lines proposed by Mrs. Montgomery, is given.

                                                Respectfully submitted

                                                /s/Frederick A. Duchardt, Jr.
                                                FREDERICK A. DUCHARDT, JR.
                                                MO Bar Enrollment Number 28868
                                                P.O. Box 349
                                                Kearney Mo. 64060
                                                Phone:  816-213-0782
                                                Fax:    816-635-5155
                                                ATTORNEY FOR MRS. MONTGOMERY

## ***CERTIFICATE OF SERVICE***

I hereby certify that a copy of the foregoing Motion was served electronically upon the following

Matt Whitworth
Roseann Ketchmark
Cynthia Cordes
Assistant United States Attorneys
Charles Evans Whittaker Courthouse
400 E. 9th St., Fifth Floor
Kansas City, MO  64106

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.

11