IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | ) | |
| v. | ) | Case Number 05-6002-CR-SJ-GAF |
| LISA M. MONTGOMERY<br>Defendant | ) | |

***LISA MONTGOMERY'S REQUEST FOR APPOINTMENT OF COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. 2255 AND 18 U.S.C. 3599(a)(2), WITH SUGGESTIONS***

Comes now Lisa M. Montgomery, by attorney, and pursuant to 28 U.S.C. 2255 and 18 U.S.C. 3599(a)(2), moves this Honorable Court to appoint two counsel, learned in the law pertaining to capital litigation, to represent Mrs. Montgomery in preparing and presenting a habeas corpus petition to this Court, and in connection with any proceedings attendant thereto. The grounds for this request will be set forth in the subsequent numbered subparagraphs.

1. In the above captioned cause, after trial, a jury found Mrs. Montgomery guilty of the charge preferred against her (Doc. 341) and recommended that she be sentenced to death (Doc. 354). Pursuant to the jury determinations, this Court imposed a sentence of death against Mrs. Montgomery (Doc. 402).

2. The United States Court of Appeals for the Eighth Circuit affirmed Mrs. Montgomery's conviction and sentence of death in ***United States v. Montgomery***,

635 F.3d 1074 (8th Cir. 2011). On March 19, 2012, the United States Supreme Court rejected Mrs. Montgomery's Petition for Certiorari. ***Montgomery v. United States***, 2012 WL 896003 (2012).

3. Mrs. Montgomery is a poor person, without the means or funds to prosecute a proceeding under 28 U.S.C. 2255. Specifically, Mrs. Montgomery does not have the funds to hire an attorney or to pay any costs related to prosecution of a proceeding under 28 U.S.C. 2255.

4. Evidencing Mrs. Montgomery's pauper status is the fact that she has been represented by undersigned Counsel, who was appointed by this Court in connection with trial upon this matter, and who was appointed by the Eighth Circuit upon appeal. To secure this representation, Mrs. Montgomery established to the satisfaction of this Court, and to the satisfaction of the Eighth Circuit, that she was indigent, without the means or funds to hire counsel to represent her in connection with the trial and appeal of the above captioned cause.

5. Mrs. Montgomery has been continuously incarcerated since her arrest in the fall of 2004, through the pendency of her trial and appeal, and to this date. As a result, not only has Mrs. Montgomery had no means or funds to bear the costs of the various proceedings in which she has been involved, also Mrs. Montgomery has no ability to generate any funds for such purposes.

6. Because she is a poor person, under a sentence of death, Mrs. Montgomery is entitled to the appointment of two counsel, learned in the law of capital cases, to assist her in preparing and presenting a Petition for relief pursuant to 28 U.S.C. 2255. 18 U.S.C. 3599(a)(2); ***McFarland v. Scott***, 512 U.S. 849, 854-857 (1994). Mrs. Montgomery does request that this Court immediately so appoint two such attorneys learned in the law of capital case proceedings to represent her.

7. While undersigned counsel is learned in capital case law, because, in a 2255 proceeding, it would not be appropriate for undersigned counsel to continue with his representation of Mrs. Montgomery in such a 2255 proceeding because the effectiveness of undersigned counsel in handling the trial and appeal of this matter would be among the issues which would need to be examined.

8. Mrs. Montgomery respectfully requests that this Court appoint the Office of the Federal Capital Habeas Project of the Federal Defender for the District of Maryland. Specifically, Mrs. Montgomery requests that this Court appoint two attorneys from this Special Federal Public Defender's Office, those being Ruth Friedman, Director of that Office, and Miriam Gohara, a Senior Staff Attorney in that Office. Ms. Friedman and Ms. Gohara have agreed personally, and Ms. Friedman has agreed on behalf of that Office, to accept the appointment of this Court to represent Mrs. Montgomery. Ms. Friedman has additionally agreed to

provide from the budget from that Office all attorney fees and other costs related to representation of Mrs. Montgomery.

9. The experience of Ms. Friedman substantially exceeds the minimum requirements set forth in 18 U.S.C. 3599(b), and therefore is learned capital case counsel. Ms. Friedman has been a member in good standing of the Alabama State Bar since 1989 and of the Georgia State Bar since 1988 (currently on inactive status). She has also been admitted to practice before the Western District of Missouri, the Middle District of Alabama, the Northern District of Alabama, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. Ms. Friedman has extensive knowledge of substantive criminal and habeas corpus law, experience investigating, preparing, and litigating capital post-conviction cases, and expertise in capital § 2255 litigation. Ms. Friedman developed expertise in the field of capital habeas law over the course of her 23-year legal career, practicing primarily in Southern courts prior to assuming her current national post. She has, by appointment, acted as lead counsel in numerous capital habeas corpus proceedings in federal district court, including, to wit, ***Boyd v. Haley***, 1:00-CV-02919-CLS, (N.D. Ala.), ***Cade v. Hopper***, 1:94-CV-01137-WHA, (M.D. Ala.), and ***Harrell v. Att'y Gen. of Ala.***, 2:90-CV-02056-EBH-RRA, (N.D. Ala.). Ms. Friedman has also handled capital habeas appeals in the Eleventh Circuit, including in ***Boyd v. Allen***, 592 F.3d 1274 (11th Cir. 2010) and ***Cade v. Haley***, 222

F.3d 1298 (11th Cir. 2000); she also represented individuals in *certiorari* and full review proceedings in the United States Supreme Court, particularly in the case of ***Harris v. Alabama***, 513 U.S. 504 (1995), in which case Ms. Friedman briefed and argued the constitutionality of Alabama's capital sentencing statute. Ms. Friedman has additionally represented as lead counsel, or assisted in the representation of, dozens of death-sentenced prisoners in the state courts both on direct appeal and in state post-conviction proceedings. Her capital trial experience includes by appointment in Alabama ***State v. Walker,*** CC-1988-209.80 (Talladega Co. 2002)**,** 920 So. 2d (Ala. 2004) and in Georgia ***State v. Brooks***, 415 S.E.2d 903 (Ga. 1992), both tried to verdict. In addition, in 2005, Ms. Friedman was asked to testify as an expert before Congress regarding proposed changes to 28 U.S.C. §§ 2254 and 2255 and has written and edited training materials for capital trial and post-conviction lawyers. Moreover, in her capacity as Director of the Federal Capital Habeas Project, Ms. Friedman has, in addition to supervising Project staff, been called upon to addresses systemic questions pertaining to federal post-conviction representation, including how best to meet short- and long-term needs for counsel and defense resources given fiscal and other constraints, to provide recommendations and information to courts, federal defender organizations, and CJA counsel on case budgeting in order to promote cost-effective and quality post-conviction representation, and to monitor trends in capital habeas law, § 2255 practice, and DOJ

policy relevant to federal death penalty cases. Ms. Friedman has also gained specialized expertise and experience relevant to capital § 2255 representation through her involvement in monitoring developments and helping shape litigation strategy in capital § 2255 cases across the country

10. The experience of Ms. Gohara also substantially exceeds the minimum requirements set forth in 18 U.S.C. 3599(b). Ms. Gohara has been a member in good standing of the New York State Bar since 1998 and has been admitted to practice in the Western District of Missouri, the Southern District of New York, the Southern District of Ohio, the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court. Like Ms. Friedman, Ms. Gohara has extensive knowledge of substantive criminal and habeas corpus law, experience investigating, preparing, and litigating capital post-conviction cases, and expertise in capital § 2255 litigation. Ms. Gohara has developed expertise in capital habeas law over the past twelve years. She has handled two death penalty appeals in the United States Supreme Court, ***Banks v. Dretke***, 383 F.3d 372 (2004) and ***House v. Bell***, 547 U.S. 518 (2006). She represented petitioners seeking relief from capital sentences pursuant to 28 U.S.C. 2254 in ***Williams, et. al. v. Haley***, 1:01-CV-00777-CB-C (S.D. Ala.) and ***Barbour, et. al. v. Haley***, 01-CV-006612-MHT-SRW (M.D. Ala.). She has also handled capital habeas appeals in the Eleventh Circuit, in ***Williams v. Allen***, 542 F.3d 1326 (11th Cir. 2008), and in the Fifth Circuit following

remand from the U.S. Supreme Court, in ***Banks v. Dretke***, 383 F.3d 272 (2004). She also represented an Arkansas capital prisoner in state habeas proceedings, in ***Kenneth Reams v. Arkansas***, CR-93-301-3 and represented non-capital defendants in civil litigation collateral to criminal cases in both New York and Mississippi. And she represented clients in non-capital criminal proceedings in New York state courts during her time as a state public defender. In addition, Ms. Gohara appeared in federal district court in Mississippi representing indigent criminal defendants in a civil suit challenging punitive fines in ***Thomas v. Gulfport***, 1:05-CV-349-LG-RHW (S.D. Miss.).

11. Mrs. Montgomery further notes that, because her Petition for Certiorari in the above captioned cause has been denied, the limitations period for filing of her 2255 petition has begun to run. 28 U.S.C. 2255(f). Thus, Mrs. Montgomery requests that this Court make its appointment of counsel as soon as possible so as to give appointed counsel maximum possible time to do their work on behalf of Mrs. Montgomery.

12. The ends of justice will best be served by the Court granting the relief sought in this Request.

WHEREFORE, Lisa M. Montgomery prays this Honorable Court to make and enter its Order appointing two counsel, learned in capital case law, to represent her. Mrs. Montgomery further prays that this Court appoint to represent her the

Office of the Federal Capital Habeas Project of the Federal Defender for the District of Maryland, and particularly Ruth Friedman, Director of that Office, and Miriam Gohara, a Senior Staff Attorney in that Office.

Respectfully submitted

//s/Frederick A. Duchardt, Jr.

FREDERICK A. DUCHARDT, JR.
Mo.Bar Enrollment Number 28868
P.O. Box 216
Trimble MO 64492
Phone: 816-213-0782
Fax: 816-635-5155
e-mail: fduchardt@hughes.net
ATTORNEY FOR MRS. MONTGOMERY

***CERTIFICATE OF SERVICE***

I hereby certify that a copy of the foregoing was provided to the following

Roseann Ketchmark
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E. 9th St., Fifth Floor
Kansas City, MO 64106

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.