**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-6002-CR-SJ-GAF** |
| | ) | |
| **LISA M. MONTGOMERY.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION TO PROCEED**
**EX PARTE ON REQUEST FOR FUNDS FOR SERVICES AND EXPENSES**

COMES NOW the Petitioner, Lisa M. Montgomery, by counsel, and moves this Court, pursuant to 18 U.S.C. § 3599(f), for leave to proceed *ex parte* on a motion for funds to obtain the services of a mitigation specialist. For her motion, Petitioner states:

1. This Court may authorize counsel for Mrs. Montgomery to proceed *ex parte* on her motion for funds for a mitigation specialist:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g). No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

18 U.S.C. § 3599(f).

2. Mrs. Montgomery is submitting herewith, under seal, an *ex parte* motion for funds for a mitigation specialist.

3. As the *ex parte* motion demonstrates, justification for this request for funds requires disclosure of information or communications protected under the attorney-client or work product privilege.

4. Where resolution of an issue may require the disclosure of privileged information, courts often protect such information from disclosure to a party opponent by engaging in *ex parte* proceedings. *See, e.g., United States v. Zolin*, 491 U.S. 554, 568 (1989) (*ex parte*, in camera review of documents to determine if crime/fraud exception to attorney-client privilege applies); *Pollard v. FBI*, 705 F.2d 1151, 1153 (9th Cir. 1983) (*ex parte*, in camera review of documents to evaluate government's privilege claim under Freedom of Information Act). In the context of funding requests, the statutory authorization to proceed *ex parte* is intended "to put indigent defendants as nearly as possible in the same position as non-indigent defendants." *United States v. Sanders*, 459 F.2d 1001, 1002 (9th Cir. 1972). Established habeas corpus and death penalty precedent suggests that Congress intended to provide prisoners with "all resources needed to discover, plead, develop and present evidence determinative of their 'colorable' constitutional claims." *Patrick v. Johnson*, 48 F. Supp. 2d 645, 646 (N.D. Tex. 1999).

5. Requiring a petitioner to make a proper showing of a need for confidentiality before being allowed to proceed *ex parte* presents a conundrum:

> Exactly how petitioners can explain the need to proceed ex parte without disclosing the very information they claim a need to keep secret is unclear.

> Because of this problem, district judges seem to be following the practice of hearing the petitioner's presentation in support of the motion to proceed ex parte either orally in camera or via papers filed with the motion but under seal, subject in both cases to disclosure to the state if the court decides that ex parte proceedings are not justified and if the petitioner decides, nonetheless, to apply for the services.

Liebman, Federal Habeas Corpus Practice and Procedure, § 19.3 (citing *Shields v. Johnson*, 48 F. Supp. 2d 719, 720-21 (S.D. Tex. 1999)). *See also Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999) (petitioner seeking expense authorization under § 848(q) should file, with copy to opposing counsel, "a brief motion seeking generally authorization for investigative or expert expenses, [including] a short case-specific statement of the need for confidentiality . . . [that] merely must identify generically the type of services needed and the broad issue or topic (e.g., innocence) for which the services are necessary," and simultaneously "the petitioner must file *ex parte* and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of money or fees or expenses likely to be incurred . . . [and] provide factual support for the funding request." Only "[t]he motion, but not the application with supporting materials, must be served on the respondent." *Accord, Graves v. Johnson,* 101 F. Supp. 2d 496 (S.D. Tex. 2000)).

6. In particular, this request for funds for mitigation expert fees and expenses is based upon information, unknown to respondent, obtained during petitioner's and counsels' attorney-client conversations, petitioner's mental state at the time of the offenses, and petitioner's medical and psychological history. Such conversations are clearly covered by the attorney-client privilege. *See, e.g., United States v. Sayan*, 968 F.2d 55, 64 (D.C. Cir. 1992) (noting that "the

attorney-client privilege covers only confidential communications between attorney and client, and it focuses on the attorney-client relationship"). Counsel cannot justify their funding request without discussing the privileged information underlying it. Disclosing such information to the Government would undermine counsels' representation of petitioner -- a relationship that requires full and open communication between attorney and client. *See* American Bar Association, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, at 66-67 (Feb. 2003) ("Because the defense should not be required to disclose privileged communications or strategy to the prosecution in order to secure these resources, [trial] counsel should insist on making such requests *ex parte* and *in camera*.").

7. The *ex parte* motion for expert funds additionally recounts counsels' mental impressions regarding petitioner's claims for habeas relief, their prospects for success and the facts needed to support them. Such mental impressions are quintessentially "work product" and not subject to disclosure. "[O]pinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Respondent would gain an unfair advantage in this litigation if given access to counsels' strategies.

8. Petitioner has a legitimate interest in showing the reasonable necessity for expert services without being placed in the position of revealing her claims and strategies. To allow the Government a voice in the preparation of petitioner's case would violate principles of fundamental fairness. The United States Supreme Court decision in *Ake v. Oklahoma*, 470 U.S.

68 (1985), presumes that hearings for funds must be *ex parte* in order to be fair. 470 U.S. at 82. A number of state court opinions have expressly found this to be the case. *See e.g.*, *Brooks v. State*, 385 S.E.2d 81 (Ga. 1989) ("defendant could be placed in a position of revealing his theory of the case" and therefore, "has a legitimate interest in making that showing *ex parte*"); *Jacobs v. Commonwealth*, 58 S.W.3d 435, 440 (Ky. 2001). In federal court, the right to proceed *ex parte* on funding motions existed long before the *Ake* decision. *See e.g.*, *United States v. Sutton,* 464 F.2d 552 (5th Cir. 1972); *Marshall v. United States,* 423 F.2d 1315 (10th Cir. 1970).

9. In accordance with prevailing standards interpreting 18 U.S.C. § 3599, counsel has tendered to the Court, *ex parte* and under seal, her motion to authorize funds for expert services.

WHEREFORE, for the foregoing reasons, Petitioner Lisa Montgomery moves this Court to authorize her to proceed *ex parte* on her motion to authorize funds pursuant to 18 U.S.C. § 3599(f), and to grant such further relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Christine M. Blegen*
Christine M. Blegen, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
Phone: (816) 524-7023

/s/ *Lisa G. Nouri*
Lisa G. Nouri, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
Phone: (816) 471-1000
*Attorneys for Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June, 2012, I filed the foregoing with the Clerk of the Court and that a true and correct copy of such filing was e-mailed to the Office of the United States Attorney for the Western District of Missouri.

/s/ *Christine M. Blegen*
*Attorney for Lisa Montgomery*