# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

LISA M. MONTGOMERY,

           Defendant.

Case No. 05-cr-06002-GAF-1

## GOVERNMENT'S NOTICE REGARDING SUPPLEMENTAL AUTHORITY

As the United States previously notified this Court, the defendant is currently scheduled to be executed on Tuesday, January 12, 2021. (D.E. 445.) On Friday, January 8, the United States District Court for the District of Columbia issued the attached memorandum opinion denying the defendant's claim to set aside the execution date under the Federal Death Penalty Act. (Attachment A).

We draw this Court's attention to pages 32-33 and footnote 6 of that opinion, in which Judge Moss questions whether a portion of this Court's judgment currently precludes the Government from carrying out the execution. In this Court's 2008 judgment in this case, this Court provided that the Attorney General shall set the time of execution, "provided that the time shall not be sooner than 60 days nor later than 90 days after the date of the judgment," but that, if an appeal was taken, execution of the judgment would be "stayed pending further order of this Court upon receipt of the Mandate of the Court of Appeal." (D.E. 402.) Judge Moss found no evidence that, after the defendant appealed

and the automatic stay took effect, the stay was "ever formally lifted."  Memorandum Opinion (D.E. 62), *Montgomery v. Rosen, et al.*, 1:20-CV-03261-RDM at 32 n.6 (D.D.C. January 8, 2021).

The defendant herself has never raised such a claim and, in our view, it misreads this Court's judgment.  The stay in the judgment plainly was intended to permit the defendant to seek the appellate review to which she was entitled.  *See* Fed. R. Crim. P. 38(a) ("The court must stay a death sentence if the defendant appeals the conviction or sentence"); *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (holding that, in a capital case, a district court is "obligated to address the merits" of a first Section 2255 motion and must stay an execution upon request to facilitate that review).  The defendant received that review, and the stay expired when this Court entered its further order denying the defendant's Section 2255 motion.  *See* Order (D.E. 212), *Montgomery v. United States*, 12-08001-CV-SJ-GAF (W.D. Mo. March 3, 2017); *cf.* Order on Motion for Injunctive Relief (D.E. 690), *United States v. Vialva*, 6:99-cr-070 (W.D. Tex. Sept. 11, 2020) (construing similar judgment of federal defendant executed on September 24, 2020).  We do not read the judgment to impose an indefinite stay, without making the necessary findings for such relief.  *See Donovan v. McNabb*, 138 S. Ct. 369, 369 (2017) (vacating stay of execution because the district court did not find that the inmate had "satisf[ied] all of the requirements for a stay, including a showing of a significant possibility of success on the merits"); *Nken v. Holder*, 556 U.S. 418, 434 (2009) (stay factors).  Notably, the judgment in this case contains the same operative language as the judgment against Keith Dwayne Nelson, who

2

was executed on August 28, 2020.  *See* Judgment (D.E. 442), *United States v. Nelson*, 99-00303-01-CR-W-FJG (W.D. Mo. March 11, 2002).[1]

The Government therefore does not believe that any prior order of this Court would prevent the defendant's execution from proceeding as scheduled.  Especially because the defendant has not argued to the contrary, *see* Application for Stay of Execution, *Montgomery v. Rosen, et al.*, 20A121 at 24-25 (arguing that, absent a stay from the Supreme Court, the execution will take place as scheduled), the Government does not believe that any action is necessary or warranted from the Court at this time.  And no further action is requested.  If the Court were so inclined, however, it should do no more than enter an order confirming that its order denying Section 2255 relief terminated the stay of execution imposed in the judgment.

---

[1]  Judge Moss also observed that more than 90 days have passed since the entry of this Court's judgment and since the Court's 2255 order.  Memorandum Opinion (D.E. 62), *Montgomery v. Rosen, et al.*, 1:20-CV-03261-RDM at 32 n.6 (D.D.C. January 8, 2021). But once the automatic stay took effect, the execution could not have taken place within 90 days of the "date of the judgment," (D.E. 402), and the Court did not impose a similar timeframe for the execution after the stay lifted with the denial of the 2255 motion. Nothing in the judgment purported to prohibit the Government from ever executing the judgment if it did not comply with the initial 90-day deadline, particularly if the Government's failure to do so was based on the automatic stay imposed by the judgment itself.  *Cf. Dolan v. United States*, 560 U.S. 605, 611 (2010) (explaining that where "a statute 'does not specify a consequence for noncompliance with' its 'timing provisions,' 'federal courts will not in the ordinary course impose their own coercive sanction'").

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By    */s/ Brian P. Casey*

Brian P. Casey
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 9, 2020, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Brian P. Casey*
Brian P. Casey
Assistant United States Attorney

4