# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 05-CR-06002-GAF-1 |
| | ) |
| LISA M. MONTGOMERY, | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MOTION TO ENFORCE THE COURT'S JUDGMENT WITH SUGGESTIONS IN SUPPORT THEREOF

Lisa Montgomery is scheduled to be executed on **January 12, 2021**. The Government's January 9, 2021 purported notice of supplemental authority, *see* Dkt. 446, raises a serious flaw in the Government's plan to execute Mrs. Montgomery on January 12: the execution date plainly contravenes this Court's 2008 Judgment, *see* Dkt. 402 (the "Judgment"). Accordingly, Mrs. Montgomery respectfully requests that the Court enter an order confirming that its final Judgment precludes the Government from carrying out the execution as scheduled.

This Court entered judgment on April 4, 2008, sentencing Mrs. Montgomery to death and holding that the "time, place and manner of execution are to be determined by the Attorney General, provided that the time shall *not be sooner than 60 days nor later than 90 days after the date of this judgment*." Judgment at 2 (emphasis added). Moreover, this Court explained, "[i]f an appeal is taken from the conviction or sentence, execution of the judgment shall be stayed pending further order of this Court upon receipt of the Mandate of the Court of Appeal." *Id.* Mrs. Montgomery appealed the next day, staying execution of the judgment. Dkt. 403. On April 5, 2011, the Eighth Circuit entered judgment affirming the judgment of this Court, Dkt. 426, and the court of appeals' mandate issued on June 22, 2011, Dkt. 427. It is undisputed that, since this

1

Court's Judgment was entered, the Government has never sought an order that this Court's stay be lifted and that this Court has never entered an order purporting to lift the stay. Accordingly, the Government's plan to execute Mrs. Montgomery on January 12, 2021 is plainly inconsistent with this Court's final Judgment, is unlawful, and should be disallowed.

The Government's argument that it may nevertheless execute Mrs. Montgomery on January 12, 2021 is irreconcilable with the plain text of this Court's 2008 Judgment. According to the Government, this Court's stay expired automatically, *sub silentio*, when this Court denied Mrs. Montgomery's § 2255 motion. *See* Dkt. 446 at 2. But this Court's Judgment stated that "if an appeal is taken from the conviction or sentence, execution of the judgment shall be stayed pending further order of this Court upon receipt of the Mandate of the Court of Appeal." Judgment at 2. As a result, for the stay to lift, the Judgment required this Court to (i) issue a "further order" (ii) "after receipt of the Mandate of the Court of Appeals." *Id.* The Court's order denying Mrs. Montgomery's § 2255 motion did not purport to lift this Court's stay, and it also *preceded* receipt of the mandate of the Court of Appeals on review of Mrs. Montgomery's § 2255 motion. Indeed, the Government's argument that this Court's denial of Mrs. Montgomery's § 2255 motion operated to lift the stay is nonsensical, as it means that the Government could have executed Mrs. Montgomery *while she was actively litigating her § 2255 motion on appeal.* While this Court denied Mrs. Montgomery's § 2255 motion on March 3, 2017, *see Montgomery v. United States*, 12-cv-08001-GAF, Dkt. 212, Mrs. Montgomery's § 2255 appeal did not become final until the Supreme Court denied rehearing on August 3, 2020, *see Montgomery v. United States*, 141 S. Ct. 199 (2020). Federal law plainly prohibits implementation of a death sentence before "exhaustion of the procedure for appeal of the judgment of conviction and for review of the sentence." 18

U.S.C. § 3596(a),[1] and the Court's order denying § 2255 relief unquestionably did not purport to contravene that law.

The Government's statement that it does "not read the judgment to impose an indefinite stay," Dkt. 446 at 2, is a red herring. The Judgment does not impose an indefinite stay. The stay it imposed has a definite endpoint: it may be lifted upon "further order of this Court upon receipt of the Mandate of the Court of Appeal." Judgment at 2. But because the Government has failed to move this Court for an order lifting the Court's stay following exhaustion of Mrs. Montgomery's direct and collateral appeals, and because no such order of this Court has issued, the stay imposed by this Court is still in effect.[2]

---

[1] The Government cites, in passing, *United States v. Vialva*, 6:99-cr-00070-ADA (W.D. Tex. Sept. 11, 2020), as support for the proposition that this Court's order denying Mrs. Montgomery's § 2255 motion lifted the stay. Dkt. 446 at 2. But the Court in *Vialva* never construed its denial of a § 2255 order as a further order lifting the stay of execution. Nor could it have, for the reasons explained: a denial of a § 2255 motion cannot possibly authorize an execution to go forward because at that point, the defendant still has the opportunity to appeal that denial. Moreover, the final judgment the court construed in *Vialva* was materially different from the one this Court entered in Mrs. Montgomery's case. There, the court found no indication in its final judgment that the court had intended the stay of execution to apply after *Vialva* had exhausted his appeals. *See* Order on Motion for Injunctive Relief at 6, *United States v. Vialva*, 6:99-cr-070 (W.D. Tex. Sept. 11, 2020), Dkt. 690. That conclusion was based on language not present here—in *Vialva*, "the first paragraph of the judgment indicat[ed] that the Government *will* implement Vialva's sentence upon the exhaustion of his appeals." *Id.* (emphasis in original). That language, the court reasoned, made clear that there were no "limitations placed on the Attorney General's authority to set an execution date … after Vialva had exhausted his appeals." *Id.* The Judgment here contains no such language mandating that the Government "will implement" Mrs. Montgomery's sentence upon the exhaustion of her appeals. Instead, the Judgment states unambiguously that "execution of the judgment shall be stayed pending further order of this Court upon receipt of the mandate of the Court of Appeal." Judgment at 2.

[2] The Government notes that Mrs. Montgomery's judgment contains the same language as the judgment against Keith Dwayne Nelson, who was executed on August 28, 2020. Dkt. 446 at 2-3 (citing Judgment, *United States v. Nelson*, 99-00303-01-CR-W-FJG (W.D. Mo. Mar. 11, 2002), Dkt. 442). Assuming that is true (the judgment is not publicly available and the Government has not provided it here), it is of no moment. In that case, neither party ever raised the question whether the final judgment precluded the Government from carrying out the execution as scheduled. And the unlawful execution of one individual cannot justify the unlawful execution of another.

3

Moreover, even if the Government were correct about the stay having automatically expired on March 3, 2017 (and it is not), *see* Order, *Montgomery v. United States*, 12-08001-CV-SJ-GAF (W.D. Mo. Mar. 3, 2017), Dkt. 212, the Government runs up against another problem: this Court's Judgment specified that the time of execution "shall not be sooner than 60 days nor later than 90 days after the date of this judgment," and the January 12, 2021 execution date is years beyond the 90-day outer limit set by the Judgment, assuming that Judgment was stayed until March 3, 2017. The Government contends, in a footnote, that "once the automatic stay took effect" they could never have complied with the 90-day deadline. Dkt. 446 at 3 n.1. But the Government, again, misconstrues this Court's Judgment. The proper way to read the Judgment is that the Government has 90 days to set the date *once the Judgment becomes effective*, *i.e.*, when the stay is lifted—not when the 2008 Judgment was entered. Indeed, the Government's reading of the Judgment would make it absurd on its face: it would mean this Court intended to order the Government to act within 90 days of the Judgment, while simultaneously entering a stay prohibiting the Government from acting within 90 days, even though all understood that further post-trial proceedings would obviously not be completed within 90 days.

All of the Government's objections to following the 90-day window in the Judgment are resolved by giving the Judgment its natural meaning: that this Court directed the Government to execute the sentence within 60 to 90 days of *when the stay was lifted*. The Government states that "[n]othing in the judgment purported to prohibit the Government from ever executing the judgment if it did not comply with the initial 90-day deadline." Dkt. 446 3 n.1.[3] But the plain terms of the

---

[3] The Government cites to *Dolan v. United States*, 560 U.S. 605 (2010), in support of this argument, Dkt. 446 at 3 n.1, but *Dolan* involved a *statute* failing to specify the consequences of noncompliance with a timing provision. 560 U.S. at 611. This case, in contrast, involves a *criminal judgment* that plainly governs and constrains the Government's implementation of a

4

Judgment prohibit the Government from implementing the sentence outside the specified window of time. The only sensible reading of the Court's Judgment is that the Government may execute the Judgment between 60 and 90 days after this Court has entered an order lifting its stay. But no such order has issued.

Recognizing that its plan to execute Mrs. Montgomery runs afoul of this Court's Judgment, the Government asks this Court to enter a *post hoc* "order confirming that its order denying Section 2255 relief terminated the stay of execution imposed in the judgment." Dkt. 446 at 3. Because that request would amend the clear meaning of the Judgment, it can only be understood as a request for this Court to amend its Judgment. But the Court lacks the power to do so. As the Supreme Court has explained, a "'judgment of conviction … constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Federal law provides specific, "rare exception[s] to the finality of criminal judgments." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017), *aff'd*, 138 S. Ct. 1783 (2018). The Government does not cite any such exception, however, and for good reason: none applies here. *See* 18 U.S.C. § 3582(c) (permitting sentence reductions for "extraordinary and compelling reasons," for certain elderly prisoners, as "otherwise expressly permitted by statute," or pursuant to sentencing range reductions); Fed. R. Crim. P. 35 (permitting sentence corrections for "arithmetic, technical, or other clear error" or sentence reductions for substantial assistance to the Government).

Indeed, the Government has recognized that courts lack the authority to amend their judgments in analogous circumstances. In *United States of America v. Higgs*, No. CR PJM 98-

---

criminal sentence and provides a simple avenue for the Government to move forward: obtain an order lifting the stay.

520, 2020 WL 7707165 (D. Md. Dec. 29, 2020), the sentencing court's original judgment and order, entered in 2001, specified that the defendant's federal execution was to be carried out in accordance with Maryland law. *Id.* at *1. After Maryland abolished the death penalty in 2013, the Government initially asked the court to amend its 2001 judgment to direct that the defendant's execution be carried out in Indiana, pursuant to Indiana law. *See id.* When the defendant noted that the court was without jurisdiction to do so—there, as here, none of the limited exceptions to the finality of the judgment applied—the Government "conced[ed] … that the Court indeed lacked the authority to amend the judgment." *Id.* at *3.[4]

To be clear, a stay is *already* in place, meaning this Court's Judgment *already* precludes the Government from executing Mrs. Montgomery on January 12, 2021. If, nevertheless, this Court construes the instant motion as one for a *new* stay of execution, the standard for a stay is easily satisfied. In considering whether to grant a stay of execution, courts consider four factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). Each stay factor supports a stay pending appeal here.

First, for all the reasons described, Mrs. Montgomery is likely to succeed on the merits of her claim that the January 12 execution date contravenes the plain text of this Court's judgment. Second, Mrs. Montgomery will plainly suffer irreparable harm unless this Court stays her

---

[4] The Government then "abruptly changed its stance" and asked that the sentencing court instead "'supplement' its judgment to the same effect." *Higgs*, 2020 WL 7707165, at *4. But even restating that argument evinces why it failed: A "supplemental order … would constitute an amendment of the original judgment in all but name," which, again, the Government has conceded the court had no authority to do. *Id.* at *5.

6

execution pending disposition of her claim. Absent a stay, Mrs. Montgomery will be unlawfully executed, and as the Supreme Court has made clear, an "execution is the most irremediable and unfathomable of penalties." *Ford v. Wainwright*, 477 U.S. 399, 411 (1986) (plurality op.). Finally, the equitable factors also weigh in favor of a stay. There is "a substantial public interest 'in having governmental agencies abide by the federal laws that govern their existence and operations.'" *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (citation omitted). And that substantial interest is only heightened in capital cases—"when so much is at stake … the Government should turn square corners.'" *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1909-10 (2020). Indeed, once this Court issues an order lifting its stay, under the terms of the Court's Judgment the Government may schedule an execution for a time 60 to 90 days after the stay is lifted.

For these reasons, Mrs. Montgomery respectfully requests that the Court enter an order confirming that its Judgment does not permit the Government to carry out the January 12, 2021 execution as scheduled. And if the Court construes this motion as one for a stay of execution, Mrs. Montgomery respectfully requests that the Court issue a stay.

DATED: January 10, 2021

Respectfully Submitted,

/s/ Kelley J. Henry
Kelley J. Henry
Amy D. Harwell
Office of Federal Public Defender,
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
616.736.5047

Lisa G. Nouri
2526 Holmes Street

7

Kansas City, MO 64108
816.875.0448

*Meaghan VerGow
O'Melveny & Myers LLP
D.C. Bar No. 977165
1625 Eye Street, N.W.
Washington, DC 20006
202.383.5504
mvergow@omm.com

*Alec Schierenbeck
O'Melveny & Myers LLP
N.Y. Bar No. 5391008
7 Times Square
New York, NY 10036
212.728.5837
aschierenbeck@omm.com

*Attorneys for Lisa Montgomery*

*Application for admission pro hac vice forthcoming

## CERTIFICATE OF SERVICE

  I hereby certify that on January 10, 2021, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

/s/ Kelley J. Henry